RAYMOND NARDO, P.C.
129 Third Street
Mineola, NY 11501
raymondnardo@gmail.com
(516) 248-2121
*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CARLOS ROSALES                                  :
                                                :
                    Plaintiff,                  :       **COMPLAINT**
                                                :
        -against-                               :
                                                :
TNRT Corp. d/b/a THE PIT STOP, ANTHONY          :
RUBANO, an individual                           :
                                                :
                    Defendants.                 :
------------------------------------------------------------------X

Plaintiff CARLOS ROSALES, by his attorney, Raymond Nardo, Esq. complaining of defendants TNRT Corp. d/b/a THE PIT STOP ("THE PIT STOP"), ANTHONY RUBANO, as an individual (collectively referred to herein as "defendants"), alleges:

## NATURE OF THE ACTION

1. This action arises out of defendants' failure to pay minimum wage, overtime pay, and other monies as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("NYLL").

2. Defendants have systematically ignored the requirements of the FLSA and NYLL. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid overtime, liquidated damages, violations of the Wage Theft Prevention Act, pre-judgment and post-judgment interest, counsel fees, and costs pursuant to the FLSA and the NYLL.

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 as defendant THE PIT STOP is located at 1706 Sunrise Highway, Merrick, NY 11566, 512 Seventh Avenue, in Manhattan, within the Eastern District of New York, and the causes of action arose in the Eastern District of New York.

## THE PARTIES

**Plaintiff**

5. Plaintiff CARLOS ROSALES resides in Carle Place, New York, which is located in the Eastern District of New York. Plaintiff worked for defendants from 2010 through July 30, 2016.

6. Plaintiff's primary duties varied, and included washing dishes, preparing food, occasional trips to Restaurant Depot to obtain supplies, functioning as a prep cook, cleaning the kitchen, and working as a cook.

7. Plaintiff's primary duties were non-exempt duties, as set forth above, and he did not have the authority to hire and fire employees or set the schedule of employees.

**Defendants**

8. Defendant THE PIT STOP is corporation or other business entity located in the Eastern District of New York.

9. Defendant THE PIT STOP operates as a restaurant and therefore is subject to the New York State Department of Labor's Hospitality Industry Wage Order.

10. Defendant THE PIT STOP is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant THE PIT STOP has: (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as dry goods, utensils, tablecloths, alcoholic beverages, and foodstuffs, and (2) an annual gross volume of sales in excess of $500,000.00.

11. Defendant ANTHONY RUBANO is sued individually in his capacity as an owner, officer and/or agent of THE PIT STOP, because he has authority to exercise sufficient control over THE PIT STOP's operations to be considered plaintiff's employer under the FLSA and NYLL, and at all times material herein had the authority to hire and fire employees, set wages, and establish and exercise authority regarding the pay practices at THE PIT STOP, and he maintained payroll records for THE PIT STOP.

12. The business activities of Defendants are related and performed through unified operation or common control for a common business purpose and thereby constitute an enterprise within the meaning of the FLSA, thus rendering the defendants as a unified "enterprise" under the FLSA.

### DEFENDANTS' FAILURE TO PAY MINIMUM WAGE AND OVERTIME

13. The FLSA and NYLL require that employers pay employees a minimum wage and one and one half (1½) times their regular rate of pay ("overtime pay") for all hours worked in excess of forty during any workweek, unless they are exempt from coverage.

14. Plaintiff worked as a dishwasher, preparatory cook, and cook for defendants from 2010 through July 30, 2016.

15. During the above time period, plaintiff was a non-exempt employee under the FLSA and NYLL.

16. During the above time period, plaintiff regularly worked over forty hours per week, from 60 to 84 hours per week, or more, but did not receive minimum wage and overtime pay.

17. Instead, during this time period, plaintiff was paid a flat salary beginning at $380 per week and increasing to $500 per week at the time of his termination, despite the fact that his hours varied based upon the demands of the restaurant's clientele.

**DEFENDANTS' VIOLATIONS OF THE WAGE THEFT PREVENTION ACT**

18. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates at the time of hire.

19. Plaintiff was never given a notice, either at the time of hire or thereafter, as required by § 195 of the New York Labor Law, containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

20. Defendants violated NYLL § 195(3) by failing to furnish plaintiff with each payment of wages a statement listing: the dates of work covered by that payment of

wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

## FIRST CAUSE OF ACTION
### (Fair Labor Standards Act – Minimum Wage)

21. Plaintiff repeats and realleges each paragraph above, as though fully set forth herein.

22. At all times relevant, plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 201 *et seq.*

23. At all times relevant, defendants have been employers of plaintiff, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

24. Defendants have failed to pay plaintiff the minimum wages to which he is entitled under the FLSA.

25. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs.

26. Because defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

27. As a result of defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## SECOND CAUSE OF ACTION
### (Fair Labor Standards Act – Overtime Wages)

28. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

29. Defendants have failed to pay plaintiff premium overtime wages to which he is entitled under the FLSA for all hours worked beyond 40 hours per workweek.

30. Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs.

31. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

32. As a result of Defendants' willful violations of the FLSA, plaintiff has suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

## THIRD CAUSE OF ACTION
### (New York Labor Law – Unpaid Minimum Wages)

33. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

34. Defendants have failed to pay plaintiff the minimum wage to which he is entitled to under the NYLL and the supporting New York State Department of Labor.

35. Through their knowing or intentional failure to pay plaintiff minimum wage, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

36. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

**FOURTH CAUSE OF ACTION**
**(New York Labor Law – Overtime)**

37. Plaintiff realleges, and incorporates by reference, all allegations in all preceding paragraphs.

38. Defendants have failed to pay plaintiff the premium overtime pay at the rate of one and one half of his hourly rate of pay to which he is entitled to under the NYLL and the supporting New York State Department of Labor.

39. Through their knowing or intentional failure to pay plaintiff premium overtime pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

40. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover from defendants his overtime pay wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest

## FIFTH CAUSE OF ACTION
### (New York Labor Law – Wage Theft Prevention Act – Notice Violation)

41. Plaintiff repeats and realleges each of the above paragraphs as if fully set forth herein.

42. Defendants violated NYLL § 195(1) by failing to furnish plaintiff, at the time of hiring and before February 1st of each subsequent year, with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

43. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b), or $50.00 per day, for each day that the violation occurred, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## SIXTH CAUSE OF ACTION
### (New York Labor Law – Wage Theft Prevention Act – Paystub Violation)

44. Plaintiff repeats and realleges each of the above paragraphs as if fully set forth herein.

45. Defendants violated NYLL § 195(3) by failing to furnish plaintiff with each payment of wages a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

46. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from the defendants liquidated damages of $100 per workweek that the violation occurred, up to a maximum of $2,500, and damages of $250 per day, up to $5,000, plus reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

47. Plaintiff demands trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully request that this Court enter a judgment:

    a. declaring that defendants have violated the minimum wage and overtime provisions of the FLSA and the NYLL;

    b. declaring that defendants' violations of the FLSA and the NYLL were willful;

    c.    enjoining future violations of the FLSA and the NYLL;

    d.    awarding plaintiff damages for unpaid minimum wage and overtime wages;

    e.    awarding plaintiff liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA and the NYLL;

    f.    awarding plaintiff liquidated damages as a result of defendants' failure to furnish wage statements and annual notices pursuant to the NYLL;

    g.    awarding plaintiff pre-judgment interest and post-judgment under the FLSA and the NYLL;

    h.    awarding plaintiff reasonable attorneys fees' and costs and disbursements, pursuant the FLSA and the NYLL; and

    i.    awarding such other and further relief as the Court deems just and proper.

Dated:  Mineola, NY
         April 3, 2017

_____
Raymond Nardo, Esq.
Raymond Nardo, P.C.
129 Third Street
Mineola, NY 11501
(516) 248-2121
raymondnardo@gmail.com
*Counsel for Plaintiff*